MISSOURI GLASS CO. v. SPENCER GREGG.

(No. 6411.)

APPEAL from Jeff Davis County.    Opinion by WILL-
SON, J.

H. VAN HORN, counsel for appellant.

No counsel appeared for appellee.

§ 92. *Foreign judgment; certified copy of, evidence in
suit on; need not show on its face whether plaintiff therein
was a firm or corporation, etc.*    Appellant brought this
action against appellee as administrator of the estate of
D. M. Hickman, deceased, to establish a claim against
said estate, said claim having been presented to and re-
jected by said administrator.    Said claim is a judgment
rendered by the circuit court of Boone county, in the
state of Missouri, in 1879, in favor of appellant, against
D. M. Hickman and William C. Duncan, for the sum of
$208.63 and costs.    On the trial of the cause appellant
offered in evidence a certified copy of said judgment,
duly authenticated in the mode required by law, to which,
as evidence, appellee objected: (1) Because said judgment
did not show upon its face whether the plaintiff therein
was a firm or a corporation; (2) that, if plaintiff therein
was a firm, it was not shown therein what persons com-
posed said firm; (3) that it was not shown that the plaint-
iff in said judgment was the plaintiff in this suit.    These
objections were sustained, and appellant was not per-
mitted to read said certified copy of said judgment in
evidence; and judgment was rendered for appellee.    It
was error to reject said certified copy of the judgment
as evidence.    It was alleged in appellant's pleading that
appellant was a corporation, and was the plaintiff in said
judgment.    It was not necessary that the truth of these
allegations should appear upon the face of said judg-

ment. As to the allegation that appellant was a corporation, no evidence was required in support of it, as its truth was not denied by appellee under oath. [R. S., art. 1190.] As to the identity of the plaintiff in said judgment with the plaintiff in this suit, that fact would not, of course, be shown by the judgment, but would be the subject of proof by other evidence, and might be proved by parol evidence. We will not consider the action of the court sustaining exceptions to appellant's original petition, inasmuch as appellant amended said pleadings, and cured the defects covered by said exceptions, and thereupon his petition, as amended, was sustained. Because the court erred in rejecting the certified copy of the judgment offered in evidence by the appellant, the judgment is reversed and the cause remanded.

April 23, 1890.                Reversed and remanded.